1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RENEE MACINTYRE,

11              Plaintiff,                    No. CIV S-11-506 KJM KJN
            vs.
12

13   CELLCO PARTNERSHIP, dba VERIZON
     WIRELESS, BRIAN PEARSON, WILLIAM
     LANGHAGEN, and DOES 1 TO 40,            ORDER
14
               Defendants.
15   _____/

16          On February 23, 2011, defendants Pearson and Langhagen filed a motion to

17   dismiss.  Plaintiff did not file an opposition or statement of non opposition, as required by Local

18   Rule 230(c).  The court vacated the hearing date and submitted the motion on the papers.  Local

19   Rule 230(g).

20          The underlying complaint was filed in Sacramento County Superior Court,

21   alleging that defendant Cellco and defendants Pearson and Langhagen, Cellco supervisors and

22   managers, refused to accommodate plaintiff's request to return to a less stressful position within

23   Cellco after she became pregnant, and ultimately fired her.  Plaintiff asserts causes of action

24   under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12920 and

25   12940, *et seq.*; failure to provide a reasonable accommodation for her pregnancy under the

26

1

1  FEHA, Cal. Gov't Code § 12945(c)(1)[1]; and wrongful termination in violation of public policy

2  against defendant Cellco only.  Compl. (ECF No. 1-1) at 1-7

3          Defendants removed the action to this court on February 23, 2011, identifying

4  Cellco as a Delaware corporation with headquarters in New Jersey and invoking this court's

5  diversity jurisdiction.  ECF No. 1 at 2-3.  They argue that defendants Pearson and Langhagen are

6  fraudulently joined, as there is no colorable claim for relief against them, and thus their presence

7  does not defeat diversity.  As noted below, this position is correct.

8          In *Reno v. Baird*, 18 Cal.4th 640, 643, 663-64 (1998), the California Supreme

9  Court held that "the FEHA, like similar federal statutes, allows persons to sue and hold liable

10  their employers, but not individuals.  Our conclusion also applies to common law actions for

11  wrongful discharge."  Thus, supervisors or managers are not proper defendants in suits based on

12  employment discrimination.

13          The individual defendants rely on *Reno* to support their motion to dismiss.  They

14  have not cited any authority applying *Reno* to failure-to-accommodate claims, but argue

15  generally that it covers the second cause of action as well.  In *Ball v. Los Rios Community*

16  *College*, 2007 WL 1791689, at *2 (E.D. Cal. 2007), the district court found that *Reno* controlled

17  claims that an employer failed to accommodate disability; it reached this result by examining the

18  language of California Government Code § 12940(m) and (n), which are limited to employers,

19  and comparing them to the similarly limited provisions considered by the court in *Reno*.  In this

20  case, as well, the operative provision requiring accommodation for pregnancy provides that it

21  shall be generally unlawful "[f]or an employer to refuse to provide reasonable accommodation

22  for an employee with conditions related to pregnancy . . . if she so requests, with the advice of

23  her health care provider."  Cal. Gov't Code § 12945(b)(1).  And, as in *Reno*, an employer is "any

24

25          [1] Plaintiff cites California Government Code § 12945(c)(1).  The statute was amended,
effective January 1, 2005; the provisions concerning accommodation for pregnancy are now in
26  subsection (b)(1).

person regularly employing five or more persons . . . ."  Cal. Gov't Code § 12926(d); *Reno*, 18

Cal. 4th at 644-45.  Based on these authorities, the court finds that a failure to accommodate

claim under California Government Code § 12945(b)(1) may not be maintained against an

individual.  Because plaintiff has no viable causes of action against the individual defendants, the

court will not grant her leave to amend.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

F.3d 1025, 1031 (9th Cir. 2008) (dismissal without leave to amend proper when complaint

cannot be saved by amendment).

   IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 6)

is granted and defendants Pearson and Langhagen are dismissed from this action.

DATED:  May 4, 2011.

_____

UNITED STATES DISTRICT JUDGE

2

maci0506.mtc